## STATE v CRAMER

Ohio Appeals, 9th Dist, Summit Co

No 2400.   Decided Dec 7, 1933

Ray B. Watters, Prosecuting Attorney, Akron, for plaintiff in error.

Rockwell, Grant, Thomas & Buckingham, Akron, for defendant in error.

## OPINION

By STEVENS, J.

It is charged in the indictment that on March 1, 1933, the Enterprise Manufacturing Co. was a depositor in the First-Central

Trust Co., having on deposit there approximately $60,700 in a so-called "special account," the "Special" nature of which account is not disclosed. It is further charged that this "special account" of the Enterprise Manufacturing Co. "was a restricted account as of February 27, 1933, by reason of a resolution of the board of directors of said bank duly adopted on February 25, 1933." What this resolution of the board of directors was, does not appear from the indictment, but apparently it had to do with placing some limitation upon the right of the depositor to withdraw his deposit at will.

Sec 710-135, GC, is declaratory of the rights of the depositor to withdraw his deposit, and of the duty of the bank to pay said deposits, as follows:

"Commercial banks may receive deposits of funds subject to withdrawal or to be paid upon check of the depositor. All deposits in such banks shall be payable on demand without notice except when the contract of deposit shall otherwise provide."

No action taken by the board of directors of the bank could abrogate the rights given or the duties imposed by the above section, except with the consent of the depositor. Such consent does not here appear.

Therefore, on March 1, 1933 ,irrespective of any resolution to the contrary by the board of directors of said bank, it was the legal duty of the bank, in the regular course of business, to pay depositors their deposits upon demand. Demand having been made by the Enterprise Manufacturing Co. on March 1, 1933, for payment of its deposit, no option remained in the bank but to pay in conformity to the above provision of the statute (unless the contract of deposit otherwise provided), or to close its doors.

But, it is argued, even though the money of the Enterprise Manufacturing Co. was, by check, withdrawn from the special account on March 1, 1933, the money itself was left with the bank on certificates of deposit, which certificate was hypothecated with the bank as security for a loan by the bank to the Enterprise Co. in the amount of $60,700, and the credit arising from said loan was allowed to remain in the bank as free and unrestricted funds in a new special account, and was in the bank on March 2, 1933, when the order of the superintendent of banks of Ohio, under favor of §710-107a, GC, became effective. That order directed the bank to restrict payment to its depositors to 1% of their deposits, and was effective on the opening of business on March 2, 1933.

It is conceded by counsel for both parties to this action that the Enterprise Manufacturing Co. knew, as did the defendant, that the order of the superintendent of banks restricting withdrawals of deposits was to be made, and to become operative upon the opening of the bank for business on March 2, 1933.

However, prior to the making of said order, the Enterprise Manufacturing Co., under §710-135 GC, had a right to withdraw its entire deposit, and, having done so, it had a right to redeposit the amount withdrawn under such terms as it saw fit. Having contracted with the bank that the money should be redeposited as free money under the provisions of §710-107a, GC, this court cannot discern wherein the defendant was guilty of any criminal act, either in allowing the withdrawal of the original account and the redeposit under a new contract, or in allowing subsequent withdrawals from the "new special account," in compliance with §710-107a GC.

What odium, if any, may attach to defendant's conduct, is not a matter for the consideration of the court; we are called upon to determine only whether or not the defendant was guilty of a violation of a criminal statute, and we think that the facts set forth in the indictment, considered in connection with the various statutes, show that no crime was committed.

The constitutionality of §710-107a GC has been challenged herein by counsel for defendant, and while the writer of this opinion entertains very serious doubts as to the constitutionality of the act insofar as it permits the superintendent of banks to modify the contract between the bank and the depositor, with reference to deposits made prior to the issuance of an order of suspension of payment by the superintendent of banks, yet we do not deem it necessary to pass upon that point in disposing of this proceeding.

Concluding, as we do, that the indictment does not charge any offense punishable under the laws of the state of Ohio, the judgment of the Court of Common Pleas sustaining defendant's demurrer to the indictment, is affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.